UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Jackie Johnson,<br>    Plaintiff,<br><br>        v.<br><br>Wal-Mart Stores East, LP, Walmart, Inc., and Wal-Mart Associates, Inc.,<br>    Defendants. | CASE NO.: _____<br><br>**COMPLAINT**<br>**(Jury Trial Requested)** |

    The Plaintiff complaining of the Defendants, would show unto this Honorable Court as follows:

## JURISDICTION AND VENUE

    1. This Complaint arises out of violations of the Family and Medical Leave Act, 29 U.S.C. §2601, *et. seq.* (hereinafter "FMLA").

    2. The Plaintiff, Jackie Johnson, is a citizen of the State of South Carolina, resides in Dorchester County, South Carolina and is entitled to the protections of the FMLA on account of her need for and use of leave protected by the Act.

    3. The Defendant, Wal-Mart Stores East, LP, upon information and belief, is a foreign corporation organized under the laws of the State of Delaware, and doing business in Berkeley County, South Carolina.

    4. The Defendant, Walmart Inc, upon information and belief, is a foreign corporation organized under the laws of the State of Delaware, and doing business in Berkeley County, South Carolina.

    5. The Defendant, Wal-Mart Associates, Inc, upon information and belief, is a foreign corporation organized under the laws of the State of Delaware and doing business in Berkeley County.

    6. The Defendants are an industry that affects commerce within the meaning of the FMLA.

    7. The Defendants are a "person" within the meaning of the FMLA.

    8. The Defendants employ fifty (50) or more employees and is an "employer" within the meaning of the FMLA.

9. All employment practices alleged herein were committed within the State of South Carolina.

10. The Defendant owns and operates a business in this judicial district and all of the events or omissions giving rise to the claims hereunder occurred in this judicial district. Therefore, venue is proper in this Court pursuant to 28 U.S.C. §1391.

11. This court has jurisdiction to hear and determine this matter pursuant to 28 U.S.C. §1331 (federal question).

12. Therefore, the parties, subject matter and all things hereinafter alleged are within the jurisdiction of this Court.

## STATEMENT OF FACTS

13. The Defendants put the Family and Medical Leave Act in their policy manuals and are subject to the Act as it is a federal statute.

14. On or about March 27, 2010, the Plaintiff began working for Defendants as a cashier and was promoted multiple times, with her last position before termination being Front-End Team Leader. At all times during her employment, the Plaintiff was efficient and effective in her work.

15. During her employment, on or about July 27, 2022, the Plaintiff's son, who lives with her, suffered from severe medical issues which constitute a serious health condition as defined by the FMLA.

16. On or about July 28, 2022, out of medical necessity, which was not anticipated, the Plaintiff requested FMLA leave.

17. On or about August 11, 2022, Plaintiff received a packet from Defendants entitled "Understanding Your Leave of Absence."

18. The Plaintiff remained in contact with her employer and was to return to work August 31, 2022.

19. While remaining in contact with her employer and while working on obtaining the requisite paperwork from her son's physician, the Plaintiff was terminated on August 22, 2022.

20. When Plaintiff asked why she was being terminated, her supervisor, Mikayla Barrett, told her it was from doing "something illegal." Plaintiff asked for specifics of what Mikayla was referring to, but Mikayla refused to elaborate. Such "reason" clearly being pretextual.

21. Plaintiff called the Defendants' ethics hotline to file a complaint. They acknowledged they saw her FMLA paperwork, and that Plaintiff's supervisor noted Plaintiff was fired for attendance.

22. The Plaintiff's termination was in direct interference with the rights afforded to her under the FMLA and in retaliation for seeking leave to which she was entitled.

## FOR A FIRST CAUSE OF ACTION
### Violation of the Family and Medical Leave Act – Interference

23. The Plaintiff reiterates each and every allegation above as if fully repeated herein.

24. As alleged above, Plaintiff satisfactorily performed her essential and fundamental job functions and was an exemplary employee in all respects. Upon her request, she was entitled to take leave pursuant to the Family and Medical Leave Act of 1993 (29 U.S.C. §2601, *et. seq*.).

25. Defendants' discipline against Plaintiff and discharge of her employment as a result of her having taken such leave is a violation of her rights under said statute(s).

26. By preemptively terminating the Plaintiff, the Defendants failed to provide adequate medical leave as required by the FMLA and thus interfered with her attempt to secure and utilize such leave.

27. The Defendants' actions were done willfully, maliciously, wantonly and recklessly in an intentional action designed to damage the Plaintiff.

28. Accordingly, Plaintiff is informed and believes that due to the acts of the Defendants, she is entitled to injunctive relief and civil damages, including lost wages to be doubled and benefits together with interest thereon, front pay and liquidated damages, as well as reasonable attorney's fees and costs for the bringing of this action.

## FOR A SECOND CAUSE OF ACTION
### Violation of the Family and Medical Leave Act – Retaliation

29. The Plaintiff reiterates each and every allegation above as if fully repeated herein.

30. Defendants' discipline against Plaintiff and discharge of her employment as a result of her having taken such leave is a violation of her rights under said statute.

31. The aforesaid conduct of Defendants, their agents and servants, violates United States laws against retaliatory discharge; was, in fact, retaliatory in nature; and was in violation of Family and Medical Leave Act of 1993 (29 U.S.C. §2601, *et. seq*.).

32. The Defendants' actions were done willfully, maliciously, wantonly and recklessly in an intentional action designed to damage the Plaintiff.

33. Accordingly, Plaintiff is informed and believes that due to the acts of the Defendants, she is entitled to injunctive relief and civil damages, including lost wages to be doubled and benefits together with interest thereon, front pay and liquidated damages, as well as reasonable attorney's fees and costs for the bringing of this action.

## RELIEF REQUESTED

Plaintiff requests a judgment by this Court against Defendants as follows:

1. Judgment in favor of the Plaintiff and against Defendants for all causes of action;

2. Judgment in favor of the Plaintiff and against Defendants for back pay and benefits she would have earned (with related monetary benefits and interest thereon) had she been kept in her proper employment, to be doubled;

3. Judgment in favor of the Plaintiff and against Defendants for front pay and any other work benefits she lost in an amount to be determined by the trier of fact, to be doubled;

4. Judgment in favor of the Plaintiff and against Defendants for liquidated or punitive damages in an amount to be determined at the trial of this matter;

5. An award to the Plaintiff for reinstatement to her former position;

6. For attorney fees and costs; and

7. For such other and further relief as this Court deems just, proper and allowable by statute, case law or otherwise.

**WIGGER LAW FIRM, INC.**

*s/Jarrel L. Wigger*
Jarrel L. Wigger (Fed. I.D. #6345)
8086 Rivers Avenue, Suite A
North Charleston, SC 29406
t: (843) 553-9800
f: (843) 203-1496
e: jwigger@wiggerlawfirm.com

*Attorney for Plaintiff*

North Charleston, South Carolina
This 13th day of August 2024.